COURT OF APPEALS OF VIRGINIA

Present: Judge Benton, Senior Judges Cole and Hodges
Argued at Richmond, Virginia

THOMAS LEWIS HARLOW, JR.

v.   Record No. 2073-93-2          MEMORANDUM OPINION[*] BY
                                   JUDGE WILLIAM H. HODGES
CITY OF RICHMOND                        MAY 9, 1995

             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Thomas N. Nance, Judge

          Gary R. Hershner (Morrissey, Hershner &
          Jacobs, on brief), for appellant.

          (Michele Anne Gillette, Assistant City
          Attorney, on brief), for appellee.

          Appellee submitting on brief.

    The appellant, Thomas Lewis Harlow, Jr., contends that the

trial court erred in refusing to strike the evidence on charges

that he violated Richmond city ordinances in (1) failing to

obtain a Certificate of Zoning Compliance for property at 4302

Patterson Avenue on February 11, 1993, (2) failing to obtain a

Certificate of Zoning Compliance for property at 3533 Grove

Avenue on October 1, 1992, and (3) for engaging in construction

work without a valid Building Permit at the Patterson Avenue

property on February 11, 1993. He argues that the City failed to

prove that he was the owner of the two parcels of property and

that it failed to prove a building permit issued in 1985 was not

valid. We agree with appellant and reverse.

    "In reviewing the sufficiency of the evidence . . . the

evidence [must] be viewed in the light most favorable to the

_____

    [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

Commonwealth . . . granting to it all reasonable inferences, and the judgment of the trial court must be affirmed unless it appears plainly wrong, or without evidence to support it." Beavers v. Commonwealth, 245 Va. 268, 281-82, 427 S.E.2d 411, 421 (1993).

The evidence revealed that on February 5, 1994, Todd Stoudt, a Building Inspector for the City of Richmond, saw the appellant exiting premises known as 4302 Patterson Avenue. Harlow was dressed in work clothes covered with dust and wearing a dust mask. Stoudt could see the interior of the premises and observed that the building was gutted with no plaster or sheetrock on the walls. After some discussion, Stoudt advised Harlow that the building permit displayed in the window on the property was invalid and requested that he obtain a new one. At the same time Stoudt issued a Stop Work Order.

Later Stoudt researched the records of the Bureau of Permits and Inspections to ascertain the status of Harlow's permit. He found that a permit had been issued in 1987. Stoudt testified that building permits are only valid for a period of six months unless construction is commenced or an extension is granted. The records further disclosed that no extensions were requested or granted for the permit. His testimony was that the holder of a permit is required to request inspections at certain stages of the construction and that none had been requested by Harlow.

The evidence further disclosed that by deed of R. Kenneth

Luck dated December 27, 1984, the appellant and his wife were vested with title to the Patterson Avenue property. On four occasions the appellant was notified of the necessity to obtain a Certificate of Zoning Compliance but made no response. In either 1985 or 1987 he did obtain the building permit in question.

The Grove Avenue property was deeded to the appellant on September 11, 1973, and he was notified on three occasions of the necessity to obtain a certificate. He made no apparent effort to obtain the certificate but at an undisclosed time, Harlow applied or offered to apply for a variance.

In its prosecution of the appellant on the two charges of failing to obtain the Certificate of Zoning Compliance, the City was required to prove that the appellant was the owner of the property in question. On these charges, the appellant's sole defense is the sufficiency of the City's evidence to prove this element. Appellant argues that proof of the recordation of a deed, in one instance almost nineteen years before the date of the alleged offense and in the other more than eight years prior to the alleged offense, does not sufficiently establish ownership to meet the City's burden.

The City counters that the recordation of the deeds coupled with the evidence that the appellant applied or offered to apply for a variance on one parcel and the fact that he obtained a building permit and was seen exiting the building wearing a dust mask and dusty clothes on the other is sufficient to prove beyond

a reasonable doubt that appellant was the owner of the property.

We disagree. Except for the observation of the appellant exiting the building, the other evidence was either indefinitive or too remote in time to prove ownership. Because ownership was an essential element of the violations, we reverse the two convictions for failure to obtain the Certificates of Zoning Compliance.

Next, the appellant contends that the trial court erred in refusing to strike the City's evidence on the charge of engaging in construction work without a valid permit. He argues that the City introduced no evidence to show that the work did not commence within six months of the issuance of the permit and that there was no evidence to show that the project was discontinued or abandoned. The evidence discloses that the appellant did in fact obtain a permit and that work was commenced. We agree with the appellant that there is no evidence to show cessation of activities.

Patrick Murphy, the Chief Electrical Code Administrator for the City of Richmond, was called as an expert on the Uniform Statewide Building Code by the City. On cross-examination he testified as follows concerning the code section on which the City relied:

> Q. Could you show me one of the code sections upon which you are relying?
>
> A. The underlined one, sir.
>
> Q. Could you read 109.9 that you have highlighted?

A.   Any permit issued shall become invalid if the
     authorized work is not commenced within six
     months after issuance of the permit, or if
     the authorized work is suspended or abandoned
     for a period of six months after the time of
     commencing the work.  Upon written request
     the building official may grant one or more
     extensions of time not to exceed six months
     per extension.

Q.   Does it say anywhere in that what you just
     read that the owner is to call for
     inspections?

A.   Not in this section; no.


The evidence discloses a permit was issued and work was commenced.  There is no evidence to show cessation or that the construction reached a stage that required an inspection. Accordingly, we hold that the City has failed to sustain its burden to show the invalidity of the building permit.

For the reasons stated, the convictions are

<u>Reversed and dismissed</u>.